

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bruner R. Penniman, Chairman
State Commission for the Blind
Austin, Texas

Dear Sir:

Opinion No. O-4734
Re: Traveling expense to a
"convention".

You ask the opinion of this department on the question whether, under facts submitted in your letter, the traveling expense of a representative of your Commission to Houston, Texas, should be paid by the State.

It appears that in order to save time and money in contacting eye specialists of the State with regard to the establishment of a schedule of fees for treatment and operations upon the indigent blind of Texas, your representative made a trip to Houston, where the doctors of Texas were assembled at the convention of the State Medical Association. The explanation of the trip appearing on the expense account submitted to the Comptroller is as follows:

"Went to Houston at request of chairman of State Commission for the Blind, to see Drs. Goar, McCurdy, and Streit to explain plans of the Commission for a prevention of blindness program and get the approval of the State Medical Association on a schedule of fees to be paid by the Commission for various types of operations performed by ophthalmologists on indigent cases needing eye operations and a recommendation for approved eye physicians available for performing these services. Talked with doctors above named and Dr. Hurst and Dr. Sykes, explaining the program. Secured time to speak on this subject to the general group of eye specialists at a study meeting they were attending. Secured the appointment of a committee of eye specialists to work with the Commission to formulate its policies governing its treatment of eye cases.

Honorable Bruner R. Penniman, Chairman, Page 2

"Advised with Miss Wimberly of the Houston Lighthouse on how to secure information on priorities governing local market supply on mops."

There is no question raised by the Comptroller that the trip was not for State business purposes. The Comptroller raises the question that the trip was to a convention and advance written approval of it was not obtained from the Attorney General, as required by the following rider to the current departmental appropriation bill:

"No moneys herein appropriated shall ever be spent to pay the traveling expenses of any state employee to any type of convention within the State or without the State, except upon advance written approval of the Attorney General as being for State's business."

Under this rider, where an employee of the State attends a convention, he must obtain from the Attorney General before making the trip a written approval of the purpose of the trip as being for the transaction of State's business, else his traveling expenses cannot be paid.

Your letter and accompanying information reveals that the employee of the Commission went to Houston to a convention. The fact that the employee was not a member of the Medical Association and was not interested in and did not attend upon the general proceedings of the convention does not render the trip any the less a trip to a convention. The rider was designed to cover any and all situations where an employee travels to a convention, whether as a member or delegate of the organization convening, as an invited guest speaker, or simply as an employee of the State having business of the State to transact at the convention. In fact, the usual situation presented under this rider is one wherein the employee of the State is enabled, because the convention assembles together a number of people he must contact for the State, to do his job at less expense there than by calling upon the individuals severally. Nevertheless, the Legislature has required advance written approval by the Attorney General of such trips, and the legislative mandate is

OFFICE O

Honorable Bruner R. Penniman, Chairman, Page 3

obligatory upon the accounting officer of the State.

  We regret to advise that, under the circumstances, the traveling expenses involved cannot be paid.

      Yours very truly

     ATTORNEY GENERAL OF TEXAS

    By  *R.W.Fairchild*

      R. W. Fairchild
       Assistant

RWF:LM

APPROVED JUL 31, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN